UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**MURPHY MARINE SERVICES, INC.**
710 Christiana Avenue
Wilmington, DE 19801

*Plaintiff*

v.

**M/V DOLE HONDURAS**, her engines, machinery, tackle, apparel, etc.

and

**DOLE FRESH FRUIT COMPANY**
P.O. Box 725
New Castle, Delaware 19720

*Defendants*

CIVIL ACTION NO.:

**EXPEDITED ACTION REQUESTED**

### VERIFIED COMPLAINT IN ADMIRALTY IN REM AND IN PERSONAM

Plaintiff, Murphy Marine Services, Inc., by and through its attorneys, hereby brings this civil action against Defendants, and in support thereof represents upon information and belief, as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and the special procedures of said Rules relative to admiralty actions, and Plaintiff brings this suit against Defendants under the provisions of 28 U.S.C. §1333.

2. This action also is brought pursuant to the Federal Maritime Lien Act, 46 U.S.C. §31301, *et seq*., and as such, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §1337. Plaintiff also invokes this Court's supplemental jurisdiction, pursuant to

1

28 U.S.C. §1367.

3. Venue lies within this District pursuant to the provisions of 28 U.S.C. §1391 and under the provisions of the General Maritime Law.

## The Parties

4. At all times hereinafter mentioned, Plaintiff, Murphy Marine Services, Inc. (hereinafter "Murphy Marine"), was and still is a corporation organized and existing under the laws of the State of Delaware, with an address and principal place of business as set forth in the caption, and was engaged in providing stevedoring and related services to cargo vessels calling at the Port of Wilmington.

5. Upon information and belief, Defendant, M/V DOLE HONDURAS (hereinafter "Vessel"), was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and she is now, or will be during the pendency of this action, within the navigable waters of this District and subject to the jurisdiction of this Honorable Court. Specifically, it is anticipated that the Vessel will be docked at the Port of Wilmington during January 7 – 8, 2020.

6. Upon information and belief, Defendant, Dole Fresh Fruit Company (hereinafter "Dole"), was and still is a corporation organized and existing under the laws of the State of Nevada, with an address and principal place of business as set forth in the caption, and was an affiliated company and agent of Dole Food Company.

7. Upon information and belief, at all times material hereto, Dole Food Company was the owner, and/or beneficial owner, and/or disponent owner, and/or charterer, and/or technical manager, and/or operator, and/or commercial operator of the Vessel.

**Factual Background**

8. On or about January 1, 2012, Murphy Marine and Dole entered into a Stevedoring Service Agreement for services to be provided to Dole Food Company vessels when they called at the Port of Wilmington. (See Exhibit 1.) The services were provided on a cost plus basis.

9. At the time, the Port of Wilmington was owned and operated by Diamond State Port Corp., a corporate entity of the State of Delaware.

10. In September of 2018, Diamond State Port Corp. and/or the State of Delaware entered into a 50 year lease agreement with Gulftainer USA (hereinafter "Gulftainer"), to operate the Port of Wilmington. As part of the agreement, Gulftainer was required to pay "royalty" payments to the State of Delaware.

11. On December 1, 2018, Gulftainer issued a Terminal Tariff, the terms and conditions of which applied to "all vessels, their owners and/or agents, and other Users" of the facilities and services at the Port of Wilmington, and required them to pay all charges set forth in the Tariff. (See Exhibit 2, Rule 34.01.)

12. In the Terminal Tariff, Gulftainer assessed "Terminal Usage Fees" against every container of cargo discharged and loaded at the Port of Wilmington. Upon information and belief, the Terminal Usage Fees were intended to fund the royalty payments owed to the State of Delaware. (See Exhibit 2, Rule 34.44.)

13. Gulftainer issued invoices to Plaintiff for the use of the Port of Wilmington, and included a charge for the Terminal Usage Fees based on the number of containers discharged from and/or loaded aboard Dole Food Company vessels.

14. In order to provide stevedoring services to vessels calling at the Port of Wilmington, Plaintiff was required to pay Gulftainer's invoices, including the Terminal Usage Fees.

15. Dole, as well as Dole Food Company and its vessels, were subject to Gulftainer's Terminal Tariff, and had actual and/or constructive knowledge of its terms and conditions, including the assessment of Terminal Usage Fees on the containers discharged from and/or loaded aboard Dole Food Company vessels.

16. Dole, as well as Dole Food Company and its vessels, requested, and/or directed, and/or authorized Plaintiff to provide stevedoring services to the Dole Food Company vessels calling at the Port of Wilmington with knowledge of the terms and conditions of the Terminal Tariff.

17. Prior to providing stevedoring services to the Dole Food Company vessels calling at the Port of Wilmington, Plaintiff informed Dole that it would advance the payment of the Terminal Usage Fees, but that the responsibility for paying these charges ultimately rested with Dole, and requested assurances that Dole would pay the assessed Terminal Usage Fees.

18. Dole acknowledged to Plaintiff that Dole was responsible for the charges assessed against the containers discharged from and/or loaded aboard the Dole Food Company vessels and would pay the charges as and when invoiced by Plaintiff.

19. Plaintiff issued invoices to Dole for the stevedoring services that it provided for the Dole Food Company vessels, and invoices for the Terminal Usage Fees assessed by Gulftainer with respect to the containers discharged from and/or loaded aboard the Dole Food Company vessels.

20. Dole paid the invoices issued by Plaintiff for stevedoring the Dole Food Company vessels, but failed to pay the invoices issued for the assessed Terminal Usage Fees.

21. Between January and May 2019, Plaintiff issued twelve invoices for assessed Terminal Usage Fees with regard to containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, with a cumulative total of $227,819.00, which remains unpaid. (See Exhibit 3.)

22. Despite repeated requests to Dole to pay the outstanding invoices for Terminal Usage Fees, it refused to do so.

23. In May 2019, Plaintiff informed Dole that it could not continue to advance the payment of the Terminal Usage Fees without being reimbursed by Dole, and that it therefore would not be able to provide ongoing stevedoring services.

24. While Dole still refused to pay the outstanding invoices, it did agree to pay the Terminal Usage Fees going forward, albeit under protest[1], and Plaintiff continued to provide stevedoring services.

## COUNT I
(Plaintiff v. M/V DOLE HONDURAS, *in rem*)
Maritime Lien

25. Plaintiff incorporates the averments contained in paragraphs 1-24, inclusive, with the same force and effect as if fully set forth herein.

26. Upon the specific request, and/or direction, and/or authorization of Dole, as well as Dole Food Company and the Vessel, Plaintiff provided stevedoring services to

---

[1] To the extent that Dole has reserved its position and may seek to recoup its payment of the Terminal Usage Fees that it has paid, Plaintiff reserves the right to increase the amount of its claim and, specifically, the amount of the maritime lien against the M/V DOLE HONDURAS, and the other Dole Food Company vessels.

the Vessel and discharged and/or loaded containers when she called at the Port of Wilmington Delaware on the following dates:

a. December 11-12, and 26, 2018;

b. January 8-9, and 22-23, 2019;

c. February 5-6, and 19-20, 2019;

d. March 5-6, and 19-20, 2019;

e. April 2-3, 16-17, and 30, 2019; and

f. May 1, and 14-15, 2019.

(See Exhibit 3.)

27. The stevedoring services provided to the Vessel qualify as necessaries and Plaintiff has a maritime lien against the Vessel for the value of said services. 46 U.S.C.A. § 31342; *Maritrend, Inc. v. Serac & Co. (Shipping)*, 348 F.3d 469, 471 (5th Cir. 2003), *citing TTT Stevedores of Texas, Inc. v. M/V JAGAT VIJETA*, 696 F.2d 1135, 1138 (5th Cir.1983) ("[t]here is no question that supplying stevedoring services gives rise to a maritime lien").

28. Stevedoring services include the cost of utilizing equipment and services supplied by the Port of Wilmington, as well as Terminal Usage Fees. *S.C. State Ports Auth. v. M/V Tyson Lykes*, 837 F.Supp. 1357, 1366 (D.S.C. 1993), aff'd, 67 F.3d 59 (4th Cir. 1995).

29. Plaintiff's duly issued invoices for providing stevedoring services to the M/V DOLE HONDURAS, including for the Terminal Usage Fees assessed against the Dole Food Company containers discharged from and/or loaded aboard the Vessel, are fair

6

and reasonable and in accordance with the prevailing rates in the Terminal Tariff at the Port of Wilmington, and in accordance with the agreement between Plaintiff and Dole.

30. The total value of the unpaid Terminal Usage Fees assessed for providing stevedoring services to the M/V DOLE HONDURAS on the aforementioned dates is $227,819.00, plus the accrued prejudgment interest, which currently is estimated to be in excess of $15,000.00. Plaintiff reserves the right to revise the amount of prejudgment interest at time of trial.

31. Although demand has been duly made, the amount due and owing has not been paid, and Plaintiff hereby asserts its maritime lien against the Vessel, seeking the principal amount of Two Hundred Twenty Seven Thousand Eight Hundred Nineteen Dollars ($227,819.00), plus the accrued prejudgment interest thereon from the date the services were rendered.

## COUNT II
(Plaintiff v. Dole Fresh Fruit Company, *in personam*)
Breach of Written Contract

32. Plaintiff incorporates the averments contained in paragraphs 1-24, inclusive, with the same force and effect as if fully set forth herein.

33. Upon information and belief, at all times material hereto, Dole Food Company was the owner, and/or beneficial owner, and/or disponent owner, and/or charterer, and/or technical manager, and/or operator, and/or commercial operator of the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE.

34. At all times material hereto, Dole was an affiliated company and agent of Dole Food Company, and was authorized to arrange stevedoring services for the Dole Food Company vessels that called at the Port of Wilmington.

35. On or about January 1, 2012, Dole entered into a Stevedoring Service Agreement with Plaintiff for services to be provided to Dole Food Company vessels when they called at the Port of Wilmington. (See Exhibit 1.) The services were to be provided on a cost plus basis.

36. Dole, as well as Dole Food Company and its vessels, requested, and/or directed, and/or authorized Plaintiff to provide stevedoring services to the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE when they called at the Port of Wilmington with knowledge of the terms and conditions of the Terminal Tariff.

37. Plaintiff provided stevedoring services to the aforesaid vessels on various dates, and Terminal Usage Fees were assessed against the containers discharged from and/or loaded aboard the vessels.

38. Plaintiff issued invoices to Dole for the stevedoring services that it provided for the Dole Food Company vessels, and invoices for the Terminal Usage Fees assessed by Gulftainer with respect to the containers discharged from and/or loaded aboard said vessels. (See Exhibits 3, 4, 5, and 6.)

39. Dole paid the invoices issued by Plaintiff for stevedoring the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, but failed to pay the invoices issued for the assessed Terminal Usage Fees.

40. Between January and June 2019, Plaintiff issued a total of forty nine invoices for assessed Terminal Usage Fees with regard to containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, with a cumulative total of $1,579,202.00, which remains unpaid. (See Exhibits 3, 4, 5, and 6.)

41. Despite repeated requests to Dole to pay the outstanding invoices for Terminal Usage Fees, it has failed and refused to do so.

42. Plaintiff's duly issued invoices for providing stevedoring services, including for the Terminal Usage Fees assessed against the Dole Food Company containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, are fair and reasonable and in accordance with the prevailing rates in the Terminal Tariff at the Port of Wilmington, and in accordance with the agreement between Plaintiff and Dole.

43. Dole has breached its contract with Plaintiff by failing to pay the assessed Terminal Usage Fees.

44. As a result of Dole's breach, Plaintiff has sustained damages in the amount of $1,579,202.00, plus accrued prejudgment interest, which currently is estimated to be in excess of $100,000.00. Plaintiff reserves the right to revise the amount of prejudgment interest at time of trial.

## COUNT III
(Plaintiff v. Dole Fresh Fruit Company, *in personam*)
<u>Breach of Oral Contract</u>

45. Plaintiff incorporates the averments contained in paragraphs 1-24, inclusive, with the same force and effect as if fully set forth herein.

46. When Gulftainer issued the Terminal Tariff for the Port of Wilmington and served notice that it would be assessing Terminal Usage Fees, Plaintiff discussed the responsibility for payment of these charges with Dole.

47. Plaintiff informed Dole that it could not absorb the Terminal Usage Fees assessed against the containers discharged from and/or loaded aboard the Dole Food Company vessels, and that it could not provide stevedoring services unless Dole agreed to pay the Terminal Usage Fees.

48. Dole agreed that it would pay the assessed Terminal Usage Fees and assured Plaintiff that it would not be responsible for the ultimate payment of the Terminal Usage Fees.

49. Based on this oral agreement, Plaintiff provided stevedoring services to the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE when they called at the Port of Wilmington.

50. Between January and June 2019, Plaintiff issued a total of forty nine invoices for assessed Terminal Usage Fees with regard to containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, with a cumulative total of $1,579,202.00, which remains unpaid. (See Exhibits 3, 4, 5, and 6.)

51. Despite repeated requests to Dole to pay the outstanding invoices for Terminal Usage Fees, it has failed and refused to do so.

52. Plaintiff's duly issued invoices for providing stevedoring services, including for the Terminal Usage Fees assessed against the Dole Food Company containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V

DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, are fair and reasonable and in accordance with the prevailing rates in the Terminal Tariff at the Port of Wilmington, and in accordance with the agreement between Plaintiff and Dole.

53. Dole has breached its oral agreement with Plaintiff by failing to pay the assessed Terminal Usage Fees.

54. As a result of Dole's breach, Plaintiff has sustained damages in the amount of $1,579,202.00, plus accrued prejudgment interest, which currently is estimated to be in excess of $100,000.00. Plaintiff reserves the right to revise the amount of prejudgment interest at time of trial.

### COUNT III
(Plaintiff v. Dole Fresh Fruit Company, *in personam*)
Promissory Estoppel

55. Plaintiff incorporates the averments contained in paragraphs 1-24, inclusive, with the same force and effect as if fully set forth herein.

56. When Gulftainer issued its Terminal Tariff for the Port of Wilmington, and disclosed that it would be assessing Terminal Usage Fees for containers discharged from and/or loaded aboard vessels calling at the Port, Plaintiff advised Dole that it would be passing these charges on to Dole for payment.

57. Plaintiff informed Dole that it could not absorb such charges based on the rates it was receiving for providing stevedoring services.

58. Dole advised Plaintiff that it would pay the assessed Terminal Usage Fees, intending to induce Plaintiff to provide stevedoring services to the Dole Food Company vessels when they called at the Port of Wilmington.

59. Plaintiff reasonably relied upon the representation by Dole that it would pay the Terminal Usage Fees when invoiced by Plaintiff, and provided stevedoring services to the Dole Food Company vessels when they called at the Port of Wilmington.

60. Dole failed and refused to pay the invoices for the assessed Terminal Usage Fees as and when presented by Plaintiff.

61. The cumulative total of the unpaid Terminal Usage Fees assessed for the containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, is $1,579,202.00, exclusive of prejudgment interest.

62. In order to avoid injustice, equity requires that the promise made by Dole to pay the invoices for the assessed Terminal Usage Fees be enforced.

63. Plaintiff has sustained damages in the amount of $1,579,202.00, plus accrued prejudgment interest, which currently is estimated to be in excess of $100,000.00. Plaintiff reserves the right to revise the amount of prejudgment interest at time of trial.

### COUNT IV
(Plaintiff v. Dole Fresh Fruit Company, *in personam*)
Unjust Enrichment

64. Plaintiff incorporates the averments contained in paragraphs 1-24, inclusive, with the same force and effect as if fully set forth herein.

65. Dole, as well as Dole Food Company and its vessels, requested, and/or directed, and/or authorized Plaintiff to provide stevedoring services to the Dole Food Company vessels calling at the Port of Wilmington with knowledge of the terms and conditions of the Terminal Tariff.

66. Gulftainer required that all of its invoices be paid as a condition precedent to Plaintiff providing stevedoring services to vessels calling at the Port of Wilmington.

67. Plaintiff informed Dole that it would advance the payment of the Terminal Usage Fees assessed with regard to containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, but that Dole ultimately was responsible for paying Plaintiff for the advances.

68. Plaintiff paid the Terminal Usage Fees assessed by Gulftainer for the containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE.

69. Between January and June 2019, Plaintiff issued a total of forty nine invoices to Dole for assessed Terminal Usage Fees with regard to containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, with a cumulative total of $1,579,202.00, which remains unpaid. (See Exhibits 3, 4, 5, and 6.)

70. Dole failed and refused to pay the invoices for the assessed Terminal Usage Fees as and when presented by Plaintiff.

71. Dole obtained the stevedoring services for the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE when they called at the Port of Wilmington, without paying the full price for obtaining these services, i.e., it has failed to pay Plaintiff for the advances of the assessed Terminal Usage Fees.

72. It would be inequitable, unjust, and unfair to permit Dole to retain the benefit of having the containers discharged from and/or loaded aboard the M/V DOLE HONDURAS, M/V DOLE COLUMBIA, M/V DOLE ECUADOR, and M/V DOLE CHILE, without paying the assessed Terminal Usage Fees.

73. Plaintiff has sustained damages in the amount of $1,579,202.00, plus accrued prejudgment interest, which currently is estimated to be in excess of $100,000.00. Plaintiff reserves the right to revise the amount of prejudgment interest at time of trial.

WHEREFORE, Plaintiff, Murphy Marine Services, Inc., prays:

(a) Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the M/V DOLE HONDURAS, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiff for the damages as aforesaid, with interest, costs and attorney's fees; that the said Vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiff the sums found due it.

(b) Process in due form of law according to the practice of this Honorable Court may issue against Defendant Dole Fresh Fruit Company, citing it to appear and answer, under oath, all and singular the matters herein.

(c) If Defendant Dole Fresh Fruit Company cannot be found within this District, then all of its property, credits and/or effects in the possession of any

person, partnership, or corporation, including any vessel owned or operated by said Defendant be attached as provided in the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure in the sum of One Million Eight Hundred Fifty Thousand Dollars ($1,800,000.00). Plaintiff reserves the right to increase this amount, for the reasons set forth in footnote 1.

(d)     Judgment be entered in favor of Plaintiff and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiff as in law and justice it may be entitled to receive.

REGER RIZZO & DARNALL

Dated:  January 7, 2020          BY:  */s/ Arthur D. Kuhl*
                                      Arthur D. Kuhl (#3405)
                                      1523 Concord Pike, Suite 200
                                      Brandywine Plaza East
                                      Wilmington, DE 19803
                                      (302) 477-7100
                                      Fax: (302) 652-3620
                                      E-Mail: AKuhl@regerlaw.com
                                      Attorneys for Plaintiff

                                      AND

                                      Of Counsel:

                                      DEASEY, MAHONEY & VALENTINI, LTD.

                                      George R. Zacharkow
                                      1601 Market Street, Suite 3400
                                      Philadelphia, PA 19103
                                      Phone: (215) 587-9400
                                      Fax: (215) 587-9456
                                      E-Mail: GZacharkow@DMVLawFirm.com