IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MURPHY MARINE SERVICES, INC.,

    *Plaintiff*,

v.

DOLE FRESH FRUIT COMPANY;
M/V DOLE HONDURAS,

    *Defendants*.

No. 20-cv-00025-SB

### M<small>EMORANDUM</small> O<small>RDER</small>

    Plaintiff Murphy Marine has moved for leave to file a second amended complaint [D.I. 53]. Its proposed amendments rest on facts that it recently discovered while deposing Dole's officers. Pl.'s Br. 3, D.I. 54. It learned that Cynthia Nunes, one of Dole's Vice Presidents, knew that Murphy Marine expected Dole to reimburse it for the terminal usage fees it paid at the Port of Wilmington. *Id.* at 1, 7–8. Nunes consulted with Dole's legal counsel, however, and decided early on that the company had no legal duty to reimburse Murphy Marine and thus would not do so. Even though she knew that other Dole officers were assuring Murphy Marine otherwise, she did not correct or stop them. *Id.* So Murphy Marine now wants to file a second amended complaint to add claims against Dole and its officers for promissory fraud, intentional misrepresentation, and negligent misrepresentation. *Id.* at 3.

Although the deadline for amended pleadings has already passed, I find that Murphy Marine shows "good cause" for modifying the scheduling order. D.I. 45; Fed. R. Civ. P. 16(b)(4); *Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). It diligently amended its complaint a first time and kept to the discovery timeline. But despite its diligence, Murphy Marine could not have sought to amend its complaint a second time by the deadline. It did not know about Nunes's involvement because it never directly interacted with her on the issue of the terminal usage fees. Pl.'s Br. 6. And it did not become aware of her role until it deposed Dole's officers last December, after the deadline to amend had already passed. *Id.* at 3, 6. So I will modify the schedule and construe this motion as timely.

I will also grant Murphy Marine leave to file its second amended complaint. A court should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004). Murphy Marine's proposed amendment would be just. Amendment would not be futile—its new fraud and misrepresentation claims may have merit, and it would be able to plead the claims with particularity. Fed. R. Civ. P. 9(b). Amendment also would not unfairly prejudice Dole's ability to defend this lawsuit. *USX Corp.*, 395 F.3d at 166. Murphy is adding new claims, but it will not be changing any of its older claims. Pl.'s Br. 10. So Dole is defending against many of the same tactics and theories. *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 244, 251 (D. Del. 2009). And if it needs to reopen fact discovery to address the new claims, it may move for that under Fed. R. Civ. P. 16(b)(4). Plus, the pleadings are not yet set. Dole still has time to defend against the new claims in its answer and counterclaims.

I do not find that Murphy Marine delayed in moving to amend. *USX Corp.*, 395 F.3d at 166. It asked Dole if it could amend its complaint a month after discovery was complete. Pl.'s Br. 3. When Dole refused, it quickly filed this motion for leave to amend. D.I. 53. Nor do I find that Murphy Marine filed this motion for an improper reason. I see nothing to suggest that it was acting in bad faith or purposefully trying to delay litigation. *USX Corp.*, 395 F.3d at 166.

Thus, for the reasons above, I order:

1. Murphy Marine's Motion for Leave to File a Second Amended Complaint [D.I. 53] is **GRANTED**. Murphy Marine must only add its proposed claims and any new facts that support those claims. It may not amend anything else in the complaint.

2. Dole's Motion to Dismiss for Failure to State a Claim [D.I. 33] is **DENIED as MOOT**, as it relates to the first amended complaint [D.I. 29].

3. If the parties believe that the scheduling order [D.I. 45] should be updated, they shall confer, coordinate, and submit a proposed order with new dates.

4. Any renewed dispositive motions must adhere to the deadlines of the Local Rules unless stipulated otherwise. The Court admonishes the parties to follow all the Local Rules, including page limits for briefs. The parties must also clearly state in their briefs the governing law (admiralty/maritime or Delaware) for each count of the second amended complaint.

Dated: March 3, 2021

_____
UNITED STATES CIRCUIT JUDGE